# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTH DISTIRCT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLORIA SANTIAGO,               )<br>                                                )<br>        PLAINTIFF,              )<br>                                                )<br> v.                                           )<br>                                                )<br> EWS ASSOCIATES, LLC    )<br> D/B/A REGENCY HOME CARE )<br> OF NORTH ATLANTA,        )<br> ERICH W. SCHUETZ,          )<br>                                                )<br>        DEFENDANTS.         )<br> _____ ) | CIVIL ACTION NO.:<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

NOW COMES Plaintiff, Gloria Santiago, and hereby files this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendants' violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b). Plaintiff states the following as her Complaint in this matter:

## I.   JURISDICTION AND VENUE

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, EWS Associates, LLC d/b/a Regency Home Care of North Atlanta ("EWS"), is a domestic limited liability company existing under the State laws of Georgia, with a principal place of business of 1633 Mt Vernon Road, Suite 200, Dunwoody, Georgia, 30338.

4.

Service of process for EWS can be effectuated through its registered agent, Erich W. Schuetz, 1633 Mt Vernon Road, Suite 200, Dunwoody, Georgia, 30338.

5.

Service of process for Erich W. Schuetz ("Schuetz") can be effectuated at his place of employment 1633 Mt Vernon Road, Suite 200, Dunwoody, Georgia, 30338.

6.

Schuetz is a person who acted directly or indirectly in the interest of an employer in relation to the Plaintiff as defined by 29 U.S.C. 203(d). Specifically, Schuetz made employment and compensation decisions related for the Plaintiff and the other Defendants to this action.

7.

The cause of action set forth in this Complaint arose within this jurisdiction.

**II.    PARTIES**

8.

Plaintiff, Gloria Santiago, ("Santiago") is an adult resident citizen of DeKalb County, Georgia.

9.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

10.

At all times relevant, Defendants employed the Plaintiff to perform labor for its benefit in this District, and Defendants made employment and compensation related decisions regarding the Plaintiff within this District.

11.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

12.

Defendant, EWS, lists its principal office address as 1633 Mt Vernon Road, Suite 200, Dunwoody, Georgia, 30338.  Upon information and belief, Defendant EWS is a domestic Limited Liability Company conducting business within the State of Georgia and within this district.

13.

Defendant Schuetz is a resident of Fulton County, Georgia.

14.

Schuetz is a managing member of EWS. At all times relevant to this Complaint, Schuetz served as a supervisor, managing the day-to-day operation of the business, has responsibility for the supervision of the employees, has hiring and

firing authority, makes compensation decision, and sets and enforces compensation and related policies for EWS.

15.

Defendants describe EWS' business as providing residential care for adults with with a variety of needs, including: Alzheimer's and dementia care, Parkinson's disease, elder care, recuperative care following surgery or heart attack, and cancer recovery care.

16.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

17.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

18.

Defendants directed Plaintiff to individually engage in interstate commerce.

19.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

20.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

### III. FACTUAL ALLEGATIONS

21.

Plaintiff Santiago is an adult resident of the State of Georgia. Plaintiff Santiago was employed by the Defendants in or around August 2016 through June 14, 2017.

22.

Defendants compensated the Plaintiff on an hourly basis.

23.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

24.

The Defendants set the compensation policies for Plaintiff, which governed the manner in which employees were compensated, including timekeeping policies, the method of overtime compensation, *etc*.

25.

Defendant Schuetz enforced EWS' policies related to the compensation of the Plaintiff, which resulted in failure to fully and adequately compensate Plaintiff pursuant to the FLSA.

26.

Plaintiff was employed as a Caregiver and was compensated at the rate of $11 per hour during times relevant to this Complaint.

27.

Defendants classified Plaintiff as a nonexempt employee pursuant to the FLSA.

28.

As a Caregiver, Plaintiff's job function was to provide companionship services and fellowship services to the Defendants' Clients in a home setting. Plaintiff also performed household services, such as cooking, cleaning, laundry, transportation as part of her duties, with such household services exceeding twenty percent (20%) of the total weekly hours worked.

29.

Plaintiff routinely worked in excess of forty (40) hours per week, reporting the hours worked via a manual time sheet that was approved by Defendants. Despite reporting these hours, EWS failed to pay the overtime premium.

30.

The Defendants knowingly and willfully failed to compensate Plaintiff by failing to fully compensate her for her overtime wages for hours worked in excess of forty (40) hours.

31.

Defendants have willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

32.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically by failing to pay Plaintiff for all hours worked.

33.

Defendants have willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

34.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

35.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

36.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

37.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the overtime premium wages.

38.

Effective January 1, 2015, 29 C.F.R. 785.10 to 785.45 provides that workers providing services to the disable and the elderly and other domestic service workers, including live-in domestic service employees (aside from those limited to an individual, family, or household) providing companionship services are not exempt from the overtime provision of the FLSA.

39.

This action is brought to recover unpaid compensation, in the form of wages, for hourly employees who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid the premium for hours worked in excess of forty (40) per week.

40.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not the overtime premium.

41.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

42.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

43.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

44.

Defendants have not made a good faith effort to comply with the FLSA.

45.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

46.

Defendants fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct set forth herein, which is a period of at least seven (7) years. Defendants are estopped from raising such statute of limitations as a bar to full recovery.

### IV. COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME WAGES

47.

Plaintiff incorporate by reference paragraphs 1 – 46 as if full set forth herein.

48.

Defendants have misclassified Plaintiff as exempt employee by its failure to comply with 29 C.F.R. 785.10 to 785.45.

49.

Plaintiff as non-exempt employee of Defendants were entitled to be paid overtime for each hour worked in excess of forty (40) hours per week.

50.

The Defendants have willfully failed to compensate for all hours suffered when working overtime hours worked during their employment.

51.

Defendants, by such failure, have willfully violated the wage and overtime provisions of the FLSA.

52.

Defendants have failed to keep adequate records of all time worked by the Plaintiff.

53.

Defendants, by such failure, have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A. Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B. Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C. Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D. All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 21st day of August, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 74726

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295